IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**MICHAEL CRAIG PUGH,**

        Petitioner,

v.                                             Case No. 1:16-cv-01681

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

        Respondent.

## PROPOSED FINDINGINS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF Nos. 1 and 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## RELEVANT PROCEDURAL HISTORY

At the time he filed the instant petition, the petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving an aggregate 432-month term of imprisonment imposed by the United States District Court for the Northern District of Florida, following his conviction by a jury of the following crimes: one count of attempted robbery of a bank by force and intimidation, in violation of 18

---

[1] Although the petitioner has now been released from custody, the proper respondent in a habeas corpus matter is the petitioner's custodian where he filed the petition. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

U.S.C. § 2113(a) (Count One); one count of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e) (Counts Three and Four); and one count of possessing an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5861, 5871 and 2 (Count Five).[2] (*See United States v. Pugh*, No. 3:99-cr-00018-002, ECF Nos. 75 and 261 at 2). The petitioner unsuccessfully appealed his Judgment to the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") (*Id.*, ECF No. 103), and also filed an unsuccessful Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*Id.*, ECF Nos. 105, 121, and 124).

On February 18, 2016, the petitioner filed the instant section 2241 petition in this court, challenging the enhancement of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), relying on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, on May 18, 2016, the petitioner was authorized by the Eleventh Circuit to file a second or successive section 2255 motion in his court of conviction to challenge his sentence in light of *Johnson*. (*Id.*, ECF Nos. 256, 257).

On July 21, 2016, the United States District Court for the Northern District of Florida granted the petitioner's second or successive section 2255 motion based upon the decision in *Johnson* and vacated his sentence. (*Id.*, ECF No. 261). Then, on June 20, 2017, the Florida District Court entered an Order denying the United States of America's Rule 60(b) motion and reducing the petitioner's sentence to time served, followed by a

---

[2] The petitioner was sentenced to concurrent sentences of 312 months on Counts One, Three, Four, and Five, and a consecutive sentence of 120 months on Count Two.

2

three-year term of supervised release, which was reduced from five years. (*Id.*, ECF No. 272). An Amended Judgment to that effect was entered on June 26, 2017 (*Id.*, ECF No. 274), and the petitioner was released from custody on July 3, 2017.

Because the relief sought in the instant section 2241 petition was granted by the petitioner's court of conviction under section 2255, the section 2241 petition is now moot and this court lacks jurisdiction to provide him any relief.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

As noted above, the petitioner has been granted the relief sought in his court of conviction and he has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot and must be dismissed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus

under 28 U.S.C. § 2241 (ECF Nos. 1 and 2) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

June 12, 2018

Dwane L. Tinsley
United States Magistrate Judge